

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DOUGLAS W. HEIM
*Assistant Corporation Counsel*
phone: (212) 788-1298
fax: (212) 788-9776
dheim@law.nyc.gov

October 24, 2007

**SO ORDERED**

*George B Daniels*

HON. GEORGE B. DANIELS

OCT 25 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 25 2007

**BY FAX: (212) 805-6737**
Honorable George B. Daniels
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York, 10007

Re:  Valerie Torres, et al. v. City of New York, et al., 07 Civ. 8482 (GBD)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York ("City").[1] I am writing with respect to the above-referenced matter in which plaintiffs allege that defendants falsely arrested, strip-searched, and maliciously prosecuted them and also subjected them to excessive force. Defendant City respectfully requests an extension of time to answer or otherwise respond to this complaint from October 24, 2007 until December 20, 2007. Plaintiff consents to this request.

---

[1] Upon information and belief, the named individual defendants have not been served in this matter. Therefore, should the Court grant this enlargement, it should allow plaintiff time to serve the individual defendants. If timely served, it may also give this office time to determine, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, whether we may represent them. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50 and that plaintiff claims to have suffered injuries as a result of the alleged incident. Therefore, this office is in the process of forwarding to plaintiff for execution consent and authorization for the release of sealed arrest and criminal prosecution records and plaintiff's medical records so that defendant City can access the information, properly assess the case, and respond to this complaint.

No previous request for an extension has been made by defendant City in this action. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to December 20, 2007.

Thank you for your consideration herein.

Respectfully submitted,

Douglas W. Heim (DH5238)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Darius Wadia, Esq. (by fax)
Darius Wadia, LLC
223 Broadway, Suite 2208
New York, NY 10279
Fax: (212) 571-9194

2