UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Valerie Torres and Derreck Becerra,

                              Plaintiffs,

-against-

The City of New York; New York City Police Captain Peter Simonetti; New York City Police Officer Thomas M. DeLacy, New York City Police Officers John Does 1 through 9 and New York City Police Officer Jane Doe,

                              Defendants.

**ANSWER OF DEFENDANTS CITY OF NEW YORK, SIMONETTI, AND DELACY**

07 Civ. 8482 (GBD)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        The City of New York ("City"), Captain Peter Simonetti ("Simonetti"), and Police Officer Thomas DeLacy ("DeLacy") by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiffs purport to base venue as stated therein.

6. The allegations set forth in paragraph "6" of the complaint are not averments of fact, as such no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Admit the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that defendant Simonetti is employed by the City of New York as an NYPD Captain, that he is presently the commanding officer of the 72nd Precinct, and that plaintiffs purport to sue him as set forth therein, and state that the allegation concerning "acting in the capacity of agent, servant, and employee of the City" constitutes a legal conclusion to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that defendant DeLacy is employed by the City of New York as a police officer and that plaintiffs purport to sue him as set forth therein, and state that the allegation concerning "acting in the capacity of agent, servant, and employee of the City" constitutes a legal conclusion to which no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. The allegations set forth in paragraph "18" constitute legal conclusions rather than averments of facts. As such, no response is required.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint, except admit that officers gained entry into the building.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that there was no search warrant.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint, except admit that that plaintiff Torres was identified as plaintiff Becerra's mother.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint, except admit that plaintiff Torres was handcuffed and placed into a police van.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint, except admit that plaintiff Torres was handcuffed and placed into a police vehicle.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint, except admit that other people were arrested at the scene.

40. Deny the allegations set forth in paragraph "40" of the complaint, except admit that plaintiffs were transported to the 72nd Police Precinct.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint, except admit that plaintiffs were issued Desk Appearance Tickets and released.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint and respectfully refer the Court to the Criminal Court Complaint for a true and accurate statement of its contents.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in forth in paragraph "57" of the complaint, and respectfully refer the Court to the NYPD Patrol Guide and the CCRB website for true and accurate statements of their contents.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Admit the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants City, Simonetti, and DeLacy repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendants City, Simonetti, and DeLacy repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. In response to the allegations set forth in paragraph "64" of the complaint, defendants City, Simonetti, and DeLacy repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

65. The allegations set forth in paragraph "65" of the complaint are not averments of fact, as such no response is required.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

68. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

69. Defendants City, Simonetti, and DeLacy have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

70.  Defendants Simonetti and DeLacy have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

71.  At all times relevant to the acts alleged in the complaint, defendants Simonetti and DeLacy acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

72.  Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening culpable and/or negligent conduct of others and was not the proximate result of any act of the defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

73.  This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

74.  Plaintiffs may have failed to comply with the conditions precedent to suit.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

75.  There was probable cause for plaintiffs' arrests, detentions and prosecutions.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

76.  At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

77.     There was reasonable suspicion and/or probable cause for any search.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

78.     Punitive damages cannot be assessed against Defendant City.


**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            January 22, 2008

>           MICHAEL A. CARDOZO
>           Corporation Counsel of the
>             City of New York
>           Attorney for Defendants City, Simonetti, and DeLacy
>           100 Church Street, Room 153
>           New York, New York 10007
>           (212) 788-1298
>
>
>           By:            /S
>                   DOUGLAS W. HEIM
>                   Assistant Corporation Counsel